ELIZABETH M. BEACH, Appellant, *v.* SARAH H. BEACH, as Executrix, etc., of ALBERT F. BEACH, Deceased, Respondent.

*Divorce—liability of a husband for alimony awarded by the decree—effect of a discharge in bankruptcy upon such liability—his estate is not liable after his death.*

In 1869 a decree was entered dissolving the marriage between the plaintiff and the defendant's testator, which required the latter to pay the plaintiff, during her lifetime and while she remained unmarried, the sum of $365 a year. April 20, 1871, the testator was discharged in bankruptcy from debts existing on May 6, 1870. He paid the yearly allowance up to the time of his death in October, 1880.

*Held,* that whatever might have been the liability of the husband while living, upon his death the only claim against his estate was for the debt created by the judgment or decree, and that that had been discharged by the bankruptcy proceedings.

Appeal from a judgment in favor of the defendant, entered upon the report of a referee appointed to hear a disputed claim against the estate of the deceased.

The referee found that the plaintiff and the defendant's testator were husband and wife, and on the 13th day of May, 1869, the marriage between them was dissolved at the suit of the plaintiff herein and a decree was entered in the Supreme Court of the State of New York that the defendant pay during the lifetime of the said Elizabeth M. Beach, and while she remained unmarried, the sum of $365 in each year in quarterly installments; that the said Albert F. Beach was discharged in bankruptcy by the District Court of the United States for the northern district of Illinois on the 20th day of April, 1871, from all debts existing the 6th of May, 1870; that he died on the 3d of October, 1880, having paid during his lifetime, and subsequent to the discharge in bankruptcy, all the payments falling due during his lifetime; that the installments falling due on the 9th of December, 1880; 9th of March, 1881; 9th of June, 1881, and 9th of September, 1881, amounting in all to $365, are not paid; that the plaintiff had duly demanded payment of such installments after they became due.

He found as matters of law: .

*First.* That the claim under the said decree in the proceedings for

divorce was discharged by the discharge granted to the said Albert F. Beach in bankruptcy.

*Second.* That the defendant in this action as executrix is not liable for such claim.

*I. C. Ormsby,* for the appellant.

*L. B. Pike,* for the respondent.

LEARNED, P. J.:

It is not necessary to dispute the doctrine, that on a divorce, alimony may be decreed to the wife payable during her life. (*Burr* v. *Burr*, 10 Paige, 20.) For the question is not as to the power of the court to make such a decree, but as to the effect of the subsequent discharge in bankruptcy. Inasmuch as there is a continuing duty, resting on the husband, during his life, to support his wife, from which no discharge in bankruptcy would relieve him; it is very possible that the obligation to pay alimony, which, after a divorce, takes the place of the ordinary duty of support, may in like manner be a continuing obligation, from which he is not relieved by his discharge. But that question is not directly involved. For the husband, during his lifetime and after his discharge, did pay the alimony decreed.

Now the obligation upon his estate, if there be one, must be a mere debt. The ordinary duty of a husband to support his wife has been ended by his death. Whatever now remains is nothing but the debt created by the judgment, and that was discharged by the bankruptcy proceedings.

The judgment should be affirmed, with costs.

Present — LEARNED, P. J., and BOARDMAN, J.; BOCKES, J., not acting.

Judgment affirmed, with costs.